## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SHARON ACREE, individually, and on behalf of all others similarly situated, | Case No. 8:18-cv-02010-T-30-JSS |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| EF EDUCATION FIRST, INC., a California corporation, and GO AHEAD VACATIONS, INC., a Massachusetts corporation, | |
| *Defendants.* | |

## CLASS ACTION COMPLAINT

Plaintiff Sharon Acree ("Acree" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendants EF Education First, Inc., ("Education First") and Go Ahead Vacations, Inc. ("Go Ahead Vacations") to stop Defendants from violating the Telephone Consumer Protection Act by making unsolicited, prerecorded calls to consumers without their consent, including to consumers registered on the National Do Not Call Registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.     Education First is the U.S. affiliate of EF Education First International Ltd., a global education company founded in Sweden in 1965.[1]

---

[1] https://en.wikipedia.org/wiki/EF_Education_First

2.     Education First formed Go Ahead Vacations in 1987 for the sole purpose of marketing Education First's educational travel packages in the U.S.[2, 3]   In that respect, Education First and Go Ahead Vacations operate jointly as "EF Go Ahead Tours"[5, 6, 7]

3.     In order to jointly promote their travel packages, Defendants make unsolicited calls to consumers using a prerecorded voice message without their consent. In Plaintiff's case, Defendants called her using a prerecorded voice message more than 10 times from phone number 800-206-9836 despite Plaintiff having registered her phone number on the National Do Not Call Registry to prevent such calls, and despite Plaintiff's repeated demands that Defendants stop calling her.

4.     Not surprisingly, there are numerous online complaints regarding Defendants' unsolicited, prerecorded message calls:

- "recording"[8]
- "telemarketing robo call"[9]
- "vacation ad"[10]
- "Nuisance call"[11]
- "Unsolicited call"[12]
- "Travel information"[13]
- "They called my cell phone at least five times today. I finally shut my phone off. It is so annoying."[14]

    "Unwanted and unsolicited call from this number. The companies should be brought to justice somehow. This is so annoying!!!!! PLEASE get rid of these people."[15]

---

[2] https://www.businesswire.com/news/home/20031002005423/en/Vacations-Agrees-Offer-Alternative-Trips-Accommodate-FARWIDEs

[3] https://www.goaheadtours.com/about/terms

[5] https://www.goaheadtours.com/about/terms

[6] https://www.goaheadtours.com/privacy

[7] https://www.goaheadtours.com/

[8] https://2000i.net/8002424686.who.called

[9] https://www.shouldianswer.com/phone-number/8002424686

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] https://www.telfinder.info/8002424686

[15] https://findwhocallsyou.com/8002424686?CallerInfo

5.　　In response to these calls, Plaintiff files this lawsuit on her own behalf and on behalf of Classes of similarly situated consumers, seeking injunctive relief, requiring Defendants to cease calling consumers using a prerecorded voice message without their consent and otherwise calling telephone numbers registered on the National Do Not Call Registry ("DNC"), as well as an award of actual and/or statutory damages and costs.

## PARTIES

6.　　Plaintiff Acree is, and at all times relevant to this Complaint was, a Tampa, Florida resident.

7.　　Defendant Education First is a California corporation.

8.　　Defendant Go Ahead Vacations is a Massachusetts corporation.

9.　　Both Education First and Go Ahead Vacations are headquartered in Cambridge, Massachusetts, in the same building: Two Education Circle, Cambridge, MA 02141.

10.　　Defendants conduct business throughout this District, the State of Massachusetts, and throughout the United States.

## JURISDICTION AND VENUE

11.　　This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

12.　　This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants do significant business in this District and the state of Florida, and because the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Plaintiff resides in this District and the calls were directed towards Plaintiff in this District.

## PLAINTIFF'S ALLEGATIONS

### Defendants Repeatedly Called Plaintiff Without Her Consent, Despite Plaintiff Registering Her Phone Number on the DNC

13.    On March 31, 2004, Plaintiff registered her phone number on the National Do Not Call Registry.

14.    Starting in May of 2018, Plaintiff began receiving calls again from Defendants using the name "EF Go Ahead Tours" from phone number 800-206-9836 promoting travel packages. The calls Plaintiff received were a mix of live and prerecorded calls.

15.    Despite Plaintiff making it abundantly clear to Defendants that she is not interested in their goods and services and repeatedly demanding that they stop calling, Defendants have continued regularly calling Plaintiff.

16.    Plaintiff does not have a relationship with either Defendant, or any of their affiliated companies. Although in or around 2012 she obtained a quote for one of Defendants' tours, Plaintiff has never provided either Defendant her prior express *written* consent to be called using a prerecorded voice message.

17.    The unauthorized telephone calls made by Defendant Education First and Defendant Go Ahead Vacations, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Acree's use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

18.    Seeking redress for these injuries, Acree, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited calls using a prerecorded voice message and unsolicited calls to phone numbers on the DNC.

## CLASS ALLEGATIONS

### Class Treatment is Appropriate for Plaintiff's TCPA Claims

19.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following four Classes:

**Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendants jointly (or an agent acting on behalf of Defendants jointly) called, or Go Ahead Tours (or its agent) on behalf of Education First called, (2) using a prerecorded message, (3) without prior express written consent.

**Prerecorded Stop Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendants jointly (or an agent acting on behalf of Defendants jointly) called, or Go Ahead Tours (or its agent) on behalf of Education First called, (2) using a prerecorded message, (3) after they informed Defendants that they no longer wished to receive phone calls from Defendants.

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendants jointly (or an agent acting on behalf of Defendants jointly) called more than one time, or Go Ahead Tours (or its agent) behalf of Education First called more than one time, (2) within any 12-month period, (3) where their telephone number had been listed on the National Do Not Call Registry for at least thirty days, or after they informed Defendants that they no longer wished to receive phone calls from Defendants, (4) for the purpose of selling Defendants' products and/or services, (5) without prior express written consent.

20.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or the relevant parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally

adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

21.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

22.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether either Defendant utilized prerecorded calls to Plaintiff and the members of the Classes;
>
> (b) whether the Defendants systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;
>
> (c) whether the Defendants made prerecorded telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and
>
> (d) whether Defendants' conduct constitutes a violation of the TCPA; and
>
> (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

23.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

24.     **Appropriateness**: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Classes and as a whole,

thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

25.     Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint and incorporates them by reference herein.

26.     Defendants and/or their agents made unwanted solicitation telephone calls to telephone numbers belonging to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded message.

27.     These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Prerecorded No Consent Class to receive such solicitation telephone calls.

28.     Defendants did not have Plaintiff's express written consent to call her.

29.     Defendants have, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendants' conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and a maximum of $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded Stop Call Class)**

30.     Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint and incorporates them by reference herein.

31.     Defendants and/or their agents made unwanted solicitation telephone calls to telephone numbers belonging to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded message after they requested that the calls stop.

32.     These solicitation telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Prerecorded Stop Call Class to receive such solicitation telephone calls.

33.     Defendants have, therefore, violated 47 U.S.C. §§ 227(b)(1)(A), (B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded Stop Call Class are each entitled to a minimum of $500 in damages, and a maximum of $1,500 in damages, for each violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Acree and the Do Not Call Registry Class)**

34.     Plaintiff repeats and realleges the paragraphs 1 through 24 of this Complaint and incorporates them by reference herein.

35.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36.    47 C.F.R. § 64.1200(e), provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[26]

37.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

38.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

39.    Defendants violated 47 C.F.R. §§ 64.1200(c) and (d) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government, or who demanded that Defendants stop calling.

---

[26] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order. 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

40.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive no less than $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Acree, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying the Classes as defined above: appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b)  An award of actual and/or statutory damages;

c)  An order declaring that Defendants' actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**SHARON ACREE**, individually and on behalf of those similarly situated individuals

Dated:  August 14, 2018

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888)498-8946

*Attorneys for Plaintiff and the putative Classes*